**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PALANI KARUPAIYAN, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> SHALIMAR GROUP OF RESTAURANTS, *et al.*, <br><br> Defendants. | Civil Action No. 23-844 (SDW) (JBC) <br><br> **WHEREAS OPINION** <br><br> March 6, 2023 |

**THIS MATTER** having come before this Court upon *pro se* Plaintiff Palani Karupaiyan's ("Plaintiff") Complaint (D.E. 1, "Complaint"), filed on February 8, 2023, and Application to Proceed *in forma pauperis* (D.E. 1-3, "IFP application"), filed on the same day, and this Court having *sua sponte* reviewed the Complaint for sufficiency pursuant to Federal Rule of Civil Procedure ("Rule") 8(a) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); and

**WHEREAS** a district court may allow a plaintiff to commence a civil action without paying the filing fee—that is, *in forma pauperis*—so long as the plaintiff submits an affidavit demonstrating he is "unable to pay such fees," 28 U.S.C. § 1915(a)(1); and

**WHEREAS** although Plaintiff has failed to provide all the information required by the IFP application, the information included thereto indicates that he has been unemployed for over two years, that his checking account balances are all negative, that his average monthly income is $750, and that he has monthly expenses of $6,460. (D.E. 1-3 at 2–5.) This Court will therefore allow Plaintiff to proceed *in forma pauperis*; and

1

**WHEREAS** when a litigant petitions the Court to proceed without the prepayment of fees, the Court has an obligation to screen the complaint to determine whether it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). *Pro se* complaints, although "[held] to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972), must still "state a plausible claim for relief," *Yoder v. Wells Fargo Bank, N.A.*, 566 F. App'x 138, 141 (3d Cir. 2014) (citing *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)); *Martin v. U.S. Dep't of Homeland Sec.*, No. 17-3129, 2017 WL 3783702, at *3 (D.N.J. Aug. 30, 2017). "When considering whether to dismiss a complaint for failure to state a claim pursuant [to] § 1915(e)(2)(B)(ii), the District Court uses the same standard it employs under [Rule] 12(b)(6)," *Vaughn v. Markey*, 813 F. App'x 832, 833 (3d Cir. 2020) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000))—the complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 209–11 (3d Cir. 2009) (discussing the *Iqbal* standard); and

**WHEREAS** *pro se* litigants must also comply with Rule 8, which requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In other words, the allegations in the complaint "must be simple, concise, and direct," *id.* 8(d)(1), and pled with enough specificity to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Twombly*, 550 U.S. at 555 (internal quotation

marks and citations omitted).  Vague group pleadings do not meet the requirements of Rule 8.  *See, e.g., Mills v. Ethicon, Inc.*, 406 F. Supp. 3d 363, 386 (D.N.J. 2019) (explaining that generalized and unspecific group "pleading fails to satisfy Rule 8 'because it does not place [d]efendants on notice of the claims against each of them.'" (quoting *Sheeran v. Blyth Shipholding S.A.*, No. 14-5482, 2015 WL 9048979, at *3 (D.N.J. Dec. 16, 2015)).  "Shotgun pleadings" similarly do not suffice.  *See, e.g., Hynson v. City of Chester Legal Dep't*, 864 F.2d 1026, 1031 n.13 (3d Cir. 1988).  Shotgun pleadings can arise when:  (1) counts in a complaint each adopt the allegations of all preceding counts, (2) the complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action," (3) the complaint fails to separate into different counts each cause of action or claim for relief, or (4) the complaint "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."  *Nash v. New Jersey*, No. 22-1804, 2022 WL 4111169, at *2 (D.N.J. Sept. 8, 2022) (quoting *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1321–23 (11th Cir. 2015)); and

**WHEREAS** Plaintiff's Complaint does not comply with the foregoing pleading standards.  As an initial matter, the Complaint is dense and incoherent—it spans 383 pages, purports to comprise 2,653 paragraphs,[1] and alleges at least 154 causes of action against 34 defendants (collectively, "Defendants").  (*See generally* D.E. 1.)  The Defendants consist of Plaintiff's relatives (*id.* ¶¶ 35, 43, 47); a law firm (*id.* ¶ 64); Plaintiff's landlords and their associated real estate companies (*id.* ¶¶ 70–92); a restaurant group and a towing company (*id.* ¶¶ 93, 146); several

---

[1] Plaintiff repeatedly incorporates by reference paragraphs 1 through 2,000 of the Complaint; however, the Complaint omits nearly 1,000 paragraphs by expressly indicating that paragraphs "1003[] up[] to 2000 [have been] left blank." (D.E. 1 ¶ 1003.)

New Jersey state court judges[2] (*id.* ¶¶ 99–121, 131); local government entities (*id.* ¶¶ 134–44); and others (*see, e.g., id.* ¶¶ 145, 149).  The causes of action each incorporate by reference paragraphs 1 through 2,000 in the Complaint, (*id.* ¶¶ 2001–652), and the underlying claims span the gamut from stolen bicycles (*id.* ¶¶ 2001–03), towed vehicles (*id.* ¶¶ 2004–14), wrongfully issued bills for property damage (*id.* ¶¶ 2025–27), payment for an apartment cleaning (*id.* ¶¶ 2028–30), domestic violence allegations (*see, e.g., id.* ¶ 2115), child support disputes (*id.* ¶¶ 2188–93), false arrest (*id.* ¶¶ 2151–57), corruption in the New Jersey state judicial system (*id.* ¶¶ 2186, 2314–18, 2340–45), a conspiracy to murder Plaintiff (*id.* ¶¶ 2368–73), family feuds and inheritances (*id.* ¶¶ 911–14, 2633–35), divorce proceedings in New Jersey and India (*id.* ¶¶ 2459–72), civil rights abuses by police (*id.* ¶¶ 2255, 2584, 2587), and beyond.  For those alleged harms, Plaintiff seeks relief in nearly countless forms, including billions in damages for "[h]ealth," "robbery," "cost of time and effort," "pain, expense, and suffering," "loss of income, "kids injury," "kids education damages," "family based f[u]ture needs," "reduced life expectancy," "damaging social reputation," "emotional suffering/distress more," "f[u]ture health expense," "f[u]ture loss of income," "loss of conjugal rights," "damage to best interest of family . . . [and] kids," "false arrest," "false jailing," "tort," "medical malpractice," "[m]alicious abuse of process," intentional [a]buse of authority power," "[f]ailure to operate the office," "intentional denial [of] . . . constitutional rights," "parental liberty/parent[al] right[s] violation," "[o]bstruction of justice," "[f]ailure to protect the kids best interest," "[c]hild [a]buse," "encouraging" and "enjoying" "child abuse," neglect, and a "few more . . ." (*Id.* at 16.)  Simply put, the Complaint is "anything but 'simple, concise, and direct.'"

---

[2] Plaintiff previously filed a lawsuit against this same set of New Jersey state court judges:  Judges Marcia Silva, Craig Corson, and Jerald Council, of the Middlesex Family Court in New Jersey (D.E. 1 ¶¶ 99–101); Justices Stuart Rabner, Jaynee LaVecchia, Barry T. Albin, Anne M. Patterson, Faustino J. Fernandez-Vina, Lee A. Solomon, and Walter F. Timpone, of the New Jersey Supreme Court (*id.* ¶¶ 112–19); and Judges Glenn A. Grant, Allison E. Accurso, Patrick DeAlmeida, and Joseph Yannotti, of the Appellate Division of the New Jersey courts (*id.* ¶¶ 104–06, 130).  *See generally* Complaint, *Karupaiyan, v. Naganda*, No. 20-12356 (D.N.J. Sept. 3, 2020).

*Karupaiyan v. Naganda*, No. 22-2066, 2022 WL 4965379, at *2 (3d Cir. Oct. 4, 2022); *see also In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703 (3d Cir. 1996) (finding district court did not abuse its discretion when dismissing complaint which was "unnecessarily complicated and verbose," featuring more than "600 paragraphs and 240 pages"); *McDaniel v. N.J. State Parole Bd.*, No. 08-0978, 2008 WL 824283, at *2 (D.N.J. Mar. 26, 2008) (dismissing a "rambling and sometimes illegible" 17-page, single-spaced complaint as not in compliance with Rule 8); *Smith v. Dir.'s Choice, LLP*, No. 15-81, 2016 WL 7165739, at *2–*3 (D.N.J. July 28, 2016) (dismissing complaint for failing to meet the requirements of Rule 8); and

**WHEREAS** the conclusory allegations in the Complaint strain credulity and, in many cases, are "simply unbelievable." *Trammell v. All Other Collateral Heirs of Est. of Marie Jones Polk*, 446 F. App'x 437, 439 (3d Cir. 2011) (upholding a District Court's *sua sponte* dismissal where the "factual allegations" were "simply unbelievable"); *Twombly*, 550 U.S. at 555 (explaining that to survive a Rule 12(b)(6) motion to dismiss, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level"). This Court may dismiss claims that are "legally baseless if [they are] 'based on an indisputably meritless legal theory,'" or are factually baseless because the "facts alleged rise to the level of the irrational or the wholly incredible." *Picozzi v. Guy Peiagelee & Sons*, 313 F. Supp. 3d 600, 602 (E.D. Pa. 2018) (internal citations omitted); and

**WHEREAS** Plaintiff is undoubtedly aware of the countless deficiencies with his Complaint.[3] This Court and several others have dismissed a "litany" of Plaintiff's "complaints

---

[3] For instance, Plaintiff once again seeks to represent his minor children. (*See generally* D.E. 1.) As several courts have explained to Plaintiff, "a *pro se* litigant who is not an attorney may not do so." *Karupaiyan v. Twp. of Woodbridge*, No. 22-2949, 2023 WL 2182375, at *2 n.2 (3d Cir. Feb. 23, 2023) ("As in previous appeals, Karupaiyan seeks to represent his minor children, but as we have explained, a pro se litigant who is not an attorney may not do so."); *Karupaiyan v. Woodbridge Twp. of N.J.*, No. 21-19737, at *1 n.1 (D.N.J. Jan. 13, 2022) (same).

raising conclusory and apparently unrelated claims." *Karupaiyan v. Twp. of Woodbridge*, No. 21-3339, 2022 WL 1315085, at *1 (3d Cir. May 3, 2022); *see also Karupaiyan v. Atl. Realty Dev. Corp.*, 827 F. App'x 165, 167 (3d Cir. 2020) ("We agree with the District Court that Karupaiyan's difficult-to-follow complaint fails to suggest the existence of any plausible claim."); *Karupaiyan v. Naganda*, No. 20-12356, 2021 WL 3616724, at *2 (D.N.J. Aug. 12, 2021) *aff'd*, 2022 WL 327724 (3d Cir. 2022) ("Plaintiff's First Amended Complaint is largely incoherent and partially illegible . . . ."); *Karupaiyan v. CVS Health Corp.*, No. 19-8814, 2021 WL 4341132, at *36 (S.D.N.Y. Sept. 23, 2021) (explaining that despite having an opportunity to amend, the benefit of multiple rounds of pre-motion letters from defendants, and despite the court's leeway in construing his claims liberally, "there remain fundamental deficiencies in most of Plaintiffs' claims"). Indeed, this Court has previously dismissed iterations of a substantively identical complaint filed by Plaintiff in 2020. *Karupaiyan v. Naganda*, 2021 WL 3616724, at *1–*2; *Karupaiyan v. Naganda*, No. 20-12356, 2022 WL 1602186, at *2 (D.N.J. May 20, 2022), *aff'd*, 2022 WL 4965379 (3d Cir. Oct. 4, 2022). There, as here, Plaintiff's Complaint "appear[ed] to have been copied from prior pleadings, which [had] also [been] dismissed for failure to comply with Rule 8 and upheld on appeal," including "allegations against New Jersey state court judges that were dismissed with prejudice." *Karupaiyan*, 2022 WL 1602186, at *2. This Court will again dismiss with prejudice the instant suit for similar reasons; and

**WHEREAS** this Court notes, as recently as January 27, 2023—just 11 days before Plaintiff filed the Complaint—another judge in this district dismissed Plaintiff's "shotgun pleading[s]" and "expressly warn[ed] Plaintiff that any future abuse of legal process might trigger sanctions, including an imposition of limitations on Plaintiff's ability to initiate such legal actions in the

6

future." *Karupiayan v. Infosys, BPM*, No. 21-20796, 2023 WL 1452340, at *3 (D.N.J. Jan. 27, 2023).[4] This Court joins Judge Salas in admonishing Plaintiff's frivolous forays into the federal courts. *Id.* While this Court remains open to address any of Plaintiff's bona fide claims, it will not continue to entertain Plaintiff's meritless, shotgun pleadings. Should Plaintiff continue to abuse the legal process, sanctions may be warranted; therefore,

Plaintiff's IFP Application is **GRANTED** and the Complaint is *sua sponte* **DISMISSED WITH PREJUDICE**. An appropriate order follows.

                                                                   /s/ Susan D. Wigenton  
                                                 **SUSAN D. WIGENTON, U.S.D.J.**

Orig:   Clerk  
cc:     Parties  
        James B. Clark, U.S.M.J.

---

[4] This Court notes the discrepancy in the spelling of Plaintiff's name in the action that was before Judge Salas. The spelling of Plaintiff's name in this Opinion accords with Plaintiff's present submissions. (*See generally* D.E. 1.)